# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | CASE NO. 1:10-cv-00038-AWI-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| K. BOARDMAN, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Lonnie Williams, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 7, 2010.[1,2] In his complaint, Plaintiff alleges that he mailed grievances by certified mail approximately five times, but they were

---

[1] Plaintiff lists himself and inmate Kenneth Gordon as plaintiffs, although only Plaintiff Williams signed the complaint. Plaintiff is not an attorney and is proceeding without counsel. A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo, 213 F.3d at 1321. Therefore, this action is treated as an individual civil suit brought by Plaintiff.

[2] Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." In his complaint, Plaintiff alleges that on December 25, 2009, Defendant Boardman asserted that Plaintiff and inmate Gordon had sex, and he moved Gordon as a result. Thereafter, Defendant Boardman allegedly endangered Plaintiff's safety by inciting members of the Northern Riders gang to attack Plaintiff. Based on this allegation, Plaintiff was granted leave to proceed in forma pauperis under the imminent danger exception.

1

confiscated and destroyed, thereby resulting in exhaustion of the available administrative remedy process.

The Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (West 2009). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

Satisfaction of the exhaustion requirement requires that prisoners comply with the applicable procedural rules governing the appeals process. Jones, 549 U.S. at 218; Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Circumstances that prevent an inmate from completing the appeals process may result in a finding that the failure to exhaust is excused. Nunez v. Duncan, No. 04-36146, 2010 WL 60089, at *7 (9th Cir. Jan. 11, 2010). Here, however, gang members were allegedly incited to attack Plaintiff on or after December 25, 2009, and Plaintiff mailed his complaint to the court for filing on January 2, 2010. Given this time frame, it was factually impossible for Plaintiff to have properly complied with the applicable rules of the appeals process and concluded that his failure to exhaust was excused because his attempt to utilize the process was thwarted.

///

1        It is unclear whether Plaintiff submitted his appeal by mail to the informal level of review, the first formal level of review, or as an emergency appeal. Tit. 15 §§ 3084.6(b), 3084.7(a). Regardless, Plaintiff filed this suit before waiting for the expiration of the time period within which prison officials may respond to an appeal.[3] Id. Absent the expiration of the applicable time period without a response, Plaintiff has no factual basis to conclude that his appeals received no response because of wrongdoing on the part of prison officials. Because it is clear from the face of Plaintiff's complaint that he filed suit prior to exhausting, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

       Accordingly, this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claim prior to filing suit.

IT IS SO ORDERED.

**Dated:    January 26, 2010**              /s/ Anthony W. Ishii
                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Prison officials have ten working days to respond to informal level appeals, thirty working days to respond to first formal level appeals, and five working days to respond to emergency appeals once accepted by the appeals coordinator as emergency appeals. Tit. 15 §§ 3084.6(b), 3084.7(a)(2). The deadline to respond commences upon receipt of the appeal by appeals coordinator, and exceptions to the response deadline are permitted. Tit. 15 § 3084.6. Weekends and holidays are not working days, and the first day is excluded. Tit. 15 § 4003(j).